UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------

|  |  |  |
|---|---|---|
| THE WE PROJECT, INC., | : | |
| | : | Case No. 1:20-cv-2873 |
| Plaintiff, | : | |
| | : | OPINION AND ORDER |
| | : | [Resolving Docs. 27, 28] |
| v. | : | |
| | : | |
| RELAVISTIC, LLC, *et al.*, | : | |
| | : | |
| Defendants, | : | |

-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Christian Ibrahim has moved to stay this case in view of related pending Cuyahoga County Court of Common Pleas litigation.[1] Defendant M-Partners has also moved for an order to compel arbitration and dismiss or stay this case pending arbitration.[2] For the reasons stated below, the Court **DENIES** Defendant Ibrahim's abstention motion and **DENIES** Defendant M-Partners' arbitration motion.

I. BACKGROUND

The Court has already discussed this case in a previous order.[3] The Court recounts only the facts most relevant to the pending motions here.

Plaintiff The We Project, Inc., is a Cleveland technology startup that foreign investor Kawa Junad completely owns. In early 2017, Kawa agreed with Defendant Mike Hamilton to invest over $10 million into Plaintiff The We Project, Inc. and to hire Hamilton as Plaintiff's CEO.

---

[1] Doc. 27.
[2] Doc. 28.
[3] Doc. 52.

Case No. 1:20-cv-2873
Gwin, J.

In this case, Plaintiff alleges that Defendant Hamilton embezzled Kawa's investment in concert with Defendant Ibrahim and other former Plaintiff officers and employees that Hamilton personally hired for The We Project.

In general, Plaintiff says Defendants cooperated in a scheme to waste and convert Plaintiff's money, assets, and opportunities for their own use.

Early in their business relationship, on June 20, 2017, Kawa and Plaintiff entered into a Support and Services agreement with M-Partners, Inc., a Maryland corporation owned and operated by Defendant Hamilton.[4] The agreement covered the "starting-up and subsequent operations of [Plaintiff]," and allowed Plaintiff to use M-Partners' credit, tangible assets, and intellectual property to get its business up and running.[5] The parties selected Maryland law to govern any dispute.[6]

The agreement also contained a one-sided arbitration clause, providing that "[a]ny dispute arising out of or relating to the Agreement or the breach thereof shall, at the sole option of M-Partners, be submitted to binding arbitration."[7]

On April 22, 2020, after Defendants allegedly defrauded Plaintiff while serving as Plaintiff officers and employees, Plaintiff brought fiduciary duty claims against Defendants Hamilton and Ibrahim in Delaware Chancery Court.[8] On June 19, 2020, while the Delaware suit was pending, Defendants Hamilton and Ibrahim filed their own suit against Plaintiff and Kawa in the Cuyahoga County Court of Common Pleas. In their lawsuit against Kawa,

---

[4] Doc. 28-1 at 1–4.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Doc. 6-1.

-2-

Case No. 1:20-cv-2873
Gwin, J.

Hamilton and Ibrahim claimed that Plaintiff had breached Hamilton and Ibrahim's respective employment contracts.[9]

On January 12, 2021, Plaintiff voluntarily dismissed the Delaware suit after filing this case.[10] Hamilton and Ibrahim's Cuyahoga County suit against Kawa Junad and The We Project, Inc. is on-going.

On February 8, 2021, Defendant Ibrahim moved this Court to "abstain from exercising jurisdiction," "based upon the first-filed doctrine, the prior-pending action doctrine, the *Colorado River* abstention doctrine, and Plaintiff's failure to invoke the removal statute" in the Cuyahoga County suit.[11] The next day, on February 9, 2021, Defendant M-Partners moved to compel arbitration and to stay the case pending arbitration, arguing that the this case's claims against M-Partners are covered by the June 2017 Support and Services agreement.[12] Plaintiff opposes both motions.[13] The Court now takes them up.

II.    ANALYSIS

A.  Abstention Motion

1.  Colorado River

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the Supreme Court recognized that "wise judicial administration" sometimes requires a district court to abstain from exercising jurisdiction over a dispute already under

---

[9] Doc. 49-1.
[10] Doc. 6-3.
[11] Doc. 27.
[12] Doc. 28.
[13] Doc. 43; Doc. 44.

Case No. 1:20-cv-2873
Gwin, J.

consideration in parallel state proceedings.[14]  Though abstention is left to the discretion of the district court, higher courts have repeatedly emphasized *Colorado River*'s limited scope against federal district courts' "virtually unflagging" duty "to exercise the jurisdiction given them."[15]  In view of federal courts' duty to decide cases where they enjoy jurisdiction, abstention is an "extraordinary and narrow" doctrine demanding "the clearest of justifications."[16]

Before exercising *Colorado River* abstention discretion, this Court "must first determine that the concurrent state and federal actions are actually parallel."[17]  Although parallelism does not require identical state and federal action parties and claims, the two actions must be based on "the same allegations as to the same material facts."[18]

Further, in assessing parallelism, courts consider only "the issues actually raised in the state court action, not those that might have been raised."[19]  If the two actions are parallel, courts then weigh the *Colorado River* factors to determine whether to abstain from exercising jurisdiction over the federal action.[20]

The Court believes that abstention is inappropriate because the state and federal actions at issue are not sufficiently parallel.

True, the two lawsuits grow out of the same technology startup relationship between Plaintiff and Defendants Hamilton and Ibrahim.  And the two complaints both allege fraud

---

[14] *See Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colorado River*, 424 U.S. at 817).
[15] *Id.*
[16] *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 557 (6th Cir. 2013).
[17] *Romine*, 160 F.3d at 339.
[18] *Id.* at 340.
[19] *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994).
[20] *Id.* at 571–72 (citing *Crawley v. Hamilton Cty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984)).

Case No. 1:20-cv-2873
Gwin, J.

schemes. The state action alleges that Plaintiff and Plaintiff's owner Kawa defrauded Defendants Hamilton and Ibrahim and violated their employment agreements. At a high level of generality, the federal action is the opposite side of the same coin, claiming that it was actually Defendants Hamilton and Ibrahim who defrauded Plaintiff and Kawa while serving as Plaintiff employees.

But that is where the similarities end. The state action focuses on Kawa's arguable federal technology regulations violations and his breach of Hamilton and Ibrahim's employment agreements.[21] By contrast, this federal action alleges a ten-member fraud scheme under which Defendants abused their authority as Plaintiff officers and employees to enrich themselves at Plaintiff's expense and alleges that Defendant Hamilton refused, despite demand, to give We Project owner Kawa information about the business's financial condition.

Notably, legal questions resolved in this case will not shed much light on the questions raised in state court. The federal action claims neither allege nor require that Defendants Hamilton or Ibrahim were convicted of the alleged fraud—seemingly the major state court issue under the employment agreement terms. Nor, conversely, will a state court finding regarding Kawa's breach of Hamilton and Ibrahim's employment contracts establish that Defendants did or did not defraud and breach their fiduciary duties to Plaintiff, as alleged here.

The two lawsuits therefore will require the respective presiding courts to resolve substantially different factual and legal issues. Defendant Ibrahim accordingly has not shown

---

[21] Doc. 49-1 at 10.

-5-

Case No. 1:20-cv-2873
Gwin, J.

that the state action "will be an adequate vehicle for the complete and prompt resolution of the issues" in this case.[22] Because Ibrahim has not satisfied *Colorado River*'s requirement that this Court "will have nothing further to do in resolving any substantive part of the case" following the state action's resolution, abstention is inappropriate here.[23]

### 2. The First to File and/or Prior Pending Action Rule

As Plaintiff points out, Defendant Ibrahim's invocation of the first-to-file rule[24] between a state and federal court is also inappropriate. The Sixth Circuit has stated that the first-to-file rule applies "when actions involving nearly identical parties and issues have been filed in two different *district courts*."[25] This rule of "comity among federal courts of equal rank" does not apply in this context.[26]

### 3. Plaintiff's Failure to Remove the Cuyahoga County Suit

Defendant Ibrahim finally contends that this Court should abstain because Plaintiff failed to remove the Cuyahoga County suit to this Court. However, Ibrahim does not identify, and this Court cannot find, authority suggesting that failure to invoke federal removal jurisdiction in one case justifies federal abstention in another.

And even if a squandered removal opportunity could support abstention, it does not appear that Plaintiff could have removed the Cuyahoga County suit. The Cuyahoga County

---

[22] *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).
[23] *Id.* (citing C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4247 (1978)).
[24] The First to file and prior pending action doctrines are synonymous. *Ride, Inc. v. Bowshier*, 3:12-cv-271, 2013 WL 1327133, at *2 (S.D. Ohio Mar. 29, 2013).
[25] *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (emphasis added) (citing *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)).
[26] *Id*; *Retail Serv. Sys., Inc. v. Mattress By Appointment, LLC*, 210 F. Supp. 3d 916, 930 (S.D. Ohio 2016).

Case No. 1:20-cv-2873
Gwin, J.

complaint names an Ohio Plaintiff and Defendant[27] and does not contain any federal claims.[28]

### B. Arbitration Motion

The Federal Arbitration Act allows a litigant who is party to a pertinent arbitration agreement to move a federal court to enforce the agreement by "stay[ing] the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[29] And the Act requires the federal court to grant the stay motion "save upon such grounds as exist at law or in equity for the revocation of any contract."[30]

Federal courts look to state law for any applicable contract revocation grounds.[31] Here, the parties chose Maryland law, Defendant M-Partners' incorporation state, to govern their arbitration agreement.[32] In moving to compel arbitration, Defendant M-Partners' asks the Court ignore the parties' Maryland law selection in favor of Ohio law because Ohio has an arguably greater interest in this case's outcome. However, this argument ignores Sixth Circuit precedent that "a significantly greater interest in the matter [does] not, on its own, render the choice of law provision unenforceable."[33] Accordingly, Maryland law controls.

---

[27] Doc. 49-1 at 3 (identifying Cuyahoga County Plaintiff Ibrahim as a "citizen of Ohio" and Cuyahoga County Defendant The We Project, Inc., as "a corporation with [its] principal place of business" in Cleveland, Ohio).
[28] Doc. 49-1 at 22–28.
[29] 9 U.S.C. § 3.
[30] 9 U.S.C. § 2.
[31] *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 667 (6th Cir. 2003) (en banc) ("In making this [mutuality] determination, we look to Ohio law.").
[32] Doc. 28-1 at 3.
[33] *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 832 (6th Cir. 2009) (citing *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 924 (6th Cir. 2006)).

Case No. 1:20-cv-2873
Gwin, J.

Under Maryland law, where an arbitration agreement is included in a larger contract between the parties, the arbitration agreement must be supported by consideration separate from the consideration supporting the larger agreement.[34] Maryland courts—and federal courts applying Maryland law—have typically enforced this rule by requiring the parties to exchange reciprocal arbitration promises.[35]

Plaintiff argues that the arbitration agreement here is unenforceable for lack of mutuality because it does not bind Defendant M-Partners to arbitrate at all, instead providing that "[a]ny dispute . . . shall, at the sole option of M-Partners, be submitted to binding arbitration."[36]

The court agrees with Plaintiff that the parties' arbitration agreement is not supported by M-Partners' consideration.

Under Maryland law, "[w]ords of promise which by their terms make performance entirely optional with the promisor . . . do not constitute a promise" sufficient to provide contractual consideration.[37] The parties' arbitration agreement "does not actually bind or obligate [M-Partners] to anything."[38] Instead, it merely gives M-Partners sole authority to determine whether the parties will arbitrate. Though the agreement does require M-Partners

---

[34] *Cheek v. United Healthcare of Mid-Atlantic, Inc.*, 835 A.2d 656, 667–69 (Md. 2003).

[35] *See id.* at 669; *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 610 (4th Cir. 2013) (applying Maryland law and finding that "the [arbitration] provision binds only Plaintiffs to arbitration, and thus lacks mutuality of consideration."); *Aerotek, Inc. v. Obercian*, 377 F. Supp. 3d 539, 554 (D. Md. 2019) ("The ERC provision contains no parallel requirement that Aerotek submit to mediation at Obercian's request, or a commitment on Aerotek's part to mandatory mediation. Because this provision does not bind Aerotek, it lacks consideration.").

[36] Doc. 28-1 at 3.

[37] *Lillian C. Blentlinger, LLC, v. Cleanwater Linganore, Inc.*, 173 A.3d 549, 566–67 (Md. 2017).

[38] *Id.* at 566.

-8-

Case No. 1:20-cv-2873
Gwin, J.

to send an arbitration notice, M-Partners is bound to do so only if it first decides to arbitrate.[39] Such "unlimited choice in effect destroys [M-Partners'] promise and makes it merely illusory," defeating mutual arbitration agreement consideration.[40]

Because the Court finds that the parties' arbitration agreement is unenforceable for want of mutual consideration under Maryland law, the Court concludes that none of the claims now before it should be submitted to arbitration or stayed.

Although the Court has significant doubt whether an arbitration provision requiring only one party to absorb all arbitration costs and attorney fees irrespective of who wins the arbitration is unconscionable, the Court declines to answer this now-moot question.

### III. CONCLUSION

For these reasons, the Court **DENIES** Defendant Ibrahim's abstention motion and **DENIES** Defendant M-Partners' arbitration motion.

IT IS SO ORDERED.

Dated: April 28, 2021             *s/     James S. Gwin*
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE

---

[39] Doc. 28-1 at 3.
[40] *Lillian C. Blentlinger, LLC*, 173 A.3d at 567.

-9-