## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **THE WE PROJECT INC.** | ) | **CASE NO.  1:20-CV-02873** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE JAMES S. GWIN** |
| | ) | |
| **v.** | ) | |
| | ) | **NOTICE OF SUBPOENA TO TENEO** |
| **RELAVISTIC, LLC, et al.** | ) | **HOLDINGS, LLC** |
| | ) | |
| **Defendants.** | ) | |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Defendants

intend to serve a Subpoena, form attached hereto, on Teneo Holdings, LLC on July 9, 2021 or as

soon thereafter as service may be effectuated.

Respectfully submitted,

*/s/Kyle A. Johnson*
Kyle A. Johnson (#0091050)
Alex J. McCallion (#0086773)
Mathew E. Doney (#0093845)
BRENNAN MANNA & DIAMOND, LLC
75 E. Market Street, Akron, OH 44308
Phone: (330) 253-5060 / Fax: (330) 253-1977
E-Mail: ajmccallion@bmdllc.com
kajohnson@bmdllc.com
ajmccallion@bmdllc.com
medoney@bmdllc.com

David M. Leneghan, Esq. (0062025)
K. Scott Carter, Esq. (0080575)
4807 Rockside Road, Suite 240
Independence, Ohio 44131
(440) 223-4260   Fax (440) 838-4260
leneghanlaw@yahoo.com

*Counsel for Defendants, Relavistic, LLC,*
*MPartners, Inc., Mike Hamilton, Christian M.*
*Ibrahim, Sunny K. Nixon, Esq., Maggie C. Petrush,*
*Esq., Kevin Cisan, Anthony Nahra, H. Nicolas*
*Seritti, and Robert J. Morman Jr*

## CERTIFICATE OF SERVICE

A true copy of the foregoing was served upon the following via email on this 9th day of July, 2021 through the Court's Electronic File System to counsel of record:

*Attorneys for Plaintiff:*

Jude Streb
Justin S. Greenfelder


Thomas M. Craig
Jessica D. Rabinowitz
Samuel Adelman

/s/ *Kyle A. Johnson*
Kyle A. Johnson

4847-2310-4241, v. 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | | |
|---|---|---|
| THE WE PROJECT INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:20-CV-2873 |
| RELAVISTIC, LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Teneo Holdings,  LLC, 280 Park Ave., 4th Floor, New York, NY 10017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED EXHIBIT A

| Place: 75 E. Market Street<br>Akron, OH  44308 | Date and Time:<br><br>07/30/2021 8:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/23/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     DEFENDANTS
_____ , who issues or requests this subpoena, are:

Kyle A. Johnson, Esq., 4518 Fulton Road, Suite 202, Canton, OH  44718; kajohnson@bmdllc.com, (330) 374-7475

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:20-CV-2873

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

1. Produce all Documents and Communications between you and The We Project Inc. ("TWPI") from July 1, 2017 to present

2. Produce of all Documents and Communications relating to TWPI from July 1, 2017 to present;

3. Produce all Documents and Communications between you and any representative of TWPI from July 2017, 2020 to present;

4. Produce all Documents and Communications between you and Joshua D. Gooden from May 1, 2019 to present;

5. Produce a copy of all Documents and Commuications between you and Kawa Junad (a.k.a. Junad Rekani, a.k.a. Kawa Abdullah Junad) concerning TWPI, Mike Hamilton, Christian Ibrahim, and/or Relavistic LLC from July 1, 2017 to present;

6. Produce a copy of all Documents and Communications between you and any representative of Fluet Huber + Hoang PLLC (d.b.a. FH+H Law Service) concerning TWPI, Kawa Junad, Mike Hamilton, Christian Ibrahim, M-Partners, Inc, or Relavistic LLC from January 1, 2020 to present;

7. Produce a copy of all Documents and Communications between you and Kavy Akrawi concerning TWPI, Kawa Junad, Mike Hamilton, Christian Ibrahim, M-Partners, Inc, or Relavistic LLC from July 1, 2017 to present;

8. Produce a copy of all Documents and Communications between you and Ahmed Mostafa concerning TWPI, Mike Hamilton, Christian Ibrahim, M-Partners, Inc, or Relavistic LLC from July 1, 2017 to present;

9. Produce a copy of all Documents and Communications between you and Robert Crinks concerning TWPI, Mike Hamilton, Christian Ibrahim, M-Partners, Inc, or Relavistic LLC from January 1, 2020 to present:

10. Produce all reports, alalysis, notes, invoices, billing records, emails, Documents, Communications and records reagrding TWPI .

"Document" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and shall mean any written, recorded, or graphic material, however, produced or reproduced, including without limitation, the original and any copy, regardless of location, including electronically stored documents, and also including, but not limited to, any data, correspondence,

record, fax, cable, telegram, telex communication, tape or other recording, file and index cards, schedules, time cards, time reports, payroll reports, job notes, job logs, orders, memoranda, calculations, estimates, recommendation, notices, analysis, notes (handwritten or typewritten), notebook, meeting minutes, calendar pad, visitor's log, telephone log, files, invoice, statements, agreements, leases, subleases, settlements, checks, cancelled checks, check book, account, account book, bank statement, deposit slip, tax returns, calendar and diary entry, diaries, manuals, lists, tabulations, computations, work papers, pamphlet, periodical, literature, report, study, stenographic or handwritten notes, typed document, spreadsheet or other computer created document, working paper, invoice voucher, check, statement, chart, graph, map, drawing, diagram, blueprint, specifications, table, indices, picture, photograph, voice recording, tape, video, microfilm, tape data sheet, data processing card, disc, hard-drive, virtual hard-drive, computer diskette, CD or DVD, or any written, recorded, transcribed, scanned, saved, punched, taped, filmed, or other graphic or other electronic matter, however stored, produced or reproduced, and emails (with attachments), to which The We Project Inc. or any of its agents, employees, officers, representatives, departments, attorneys, accountants, and/or consultants have had access or the location of which is known to you.

A document "referencing", "relating", "related" or "pertaining" to any stated subject means and includes any documents that constitute, contain, embody, reflect, identify, refer to or are in any way relevant to that stated subject.

"Communication" or "Statement" includes any and all contacts or exchanges of information between persons and every means and manner of disclosure, whether written, electronic or oral, direct or indirect, made by any method, including, without limitation, in-person or telephonic exchanges, written correspondence, electronic mail and messaging, telecopies, video orProduce a copy of all Communications between you and The We Project Inc. ("TWPI") or concerning TWPI from July 2017 to present;