UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------
: 
THE WE PROJECT, INC., :
: Case No. 1:20-cv-2873
Plaintiff, :
: OPINION AND ORDER
: [Resolving Doc. 97]
v. :
:
RELAVISTIC, LLC, et al., :
:
Defendants, :
-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Between February 11, 2021, and March 1, 2021, Defendants filed eight separate motions to dismiss, each addressed to different counts of the twelve-count complaint.[1] Those motions totaled nearly 100 pages, well beyond the applicable 20-page maximum under Local Rule 7.1(f).

On April 23, 2021, the Court struck these motions from the record, stating that it would consider any Plaintiff fee reimbursement motion.[2]

On May 21, 2021, Plaintiff moved for attorney fees invoking 28 U.S.C. § 1927 and this Court's inherent authority to sanction bad faith litigation tactics.[3]  Plaintiff requests $52,000 in attorney fees Plaintiff expended responding to Defendants' eight separate dismissal motions.[4]  Defendants oppose.[5]

---

[1] Doc. 30; Doc. 33; Doc. 34; Doc. 35; Doc. 36; Doc. 37; Doc. 38; Doc. 39.
[2] Doc. 76.
[3] Doc. 97.
[4] Id.
[5] Doc. 101.

Case No. 1:20-cv-2873
Gwin, J.

Beginning with inherent authority, the Court imposes no sanction. Defendants were not entitled to disregard Local Rule 7.1(f) without this Court's leave based on their personal assessment of the case's complexity. However, the separately filed dismissal motions address different legal aspects of the case without undue repetition. Accordingly, the Court finds no evidence that Defendants filed the separate dismissal motions in bad faith.[6]

For similar reasons, the Court will not sanction Defendants' counsel under 28 U.S.C. § 1927. Although the eight separate dismissal motions did impose some additional financial burden on Plaintiff, the Court does not believe that counsel's tactics were unreasonable or vexatious.[7] Section 1927 is meant to curb "dilatory litigation practices" and "intentional[] abuses" of "the judicial process."[8] Accordingly, the Court will not impose sanctions for counsel disobeying Rule 7.1(f).[9]

The Court **DENIES** Plaintiff's attorney fees motion. However, the Court cautions Defendants to carefully comply with this Court's local rules in future filings.

IT IS SO ORDERED.

Dated: July 21, 2021        *s/    James S. Gwin*
                            JAMES S. GWIN
                            UNITED STATES DISTRICT JUDGE

---

[6] *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996) (requiring a bad faith finding before inherent authority sanctions).
[7] *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 644 (6th Cir. 2009).
[8] *Id.*; *Red Carpet Studios v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).
[9] *Red Carpet Studios*, 465 F.3d at 646 (citing *In re Ruben*, 825 F.2d 977, 984–85 (6th Cir. 1987)).