UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------
:
THE WE PROJECT, INC., :
: Case No. 1:20-cv-2873
Plaintiff, :
: OPINION AND ORDER
: [Resolving Doc. 106]
v. :
:
RELAVISTIC, LLC, *et al.*, :
:
Defendants, :
-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This fraud and fiduciary duty case involves a dozen claims against nearly as many Defendants. On February 9, 2021, Defendant M-Partners, Inc. moved to compel arbitration and stay the case pending arbitration of the claims covered under a 2017 arbitration agreement between Plaintiff and M-Partners.[1]

On April 28, 2021, this Court denied M-Partners' motion because it is invalid under Maryland law, the law M-Partners, a Maryland corporation, chose to govern the agreement.[2] On May 25, 2021, M-Partners appealed the Court's arbitration denial.[3] Three weeks later, on June 16, 2021, M-Partners moved to stay all claims against all Defendants pending appeal.[4]

Nevertheless, M-Partners has continued to vigorously litigate in this Court, including by filing several counterclaims against Plaintiff and moving to dismiss all of Plaintiff's claims.[5]

---

[1] Doc. 28.
[2] Doc. 79.
[3] Doc. 99.
[4] Doc. 106.
[5] Doc. 98; Doc. 109.

Case No. 1:20-cv-2873
Gwin, J.

Plaintiff opposes the stay pending appeal.[6] For the reasons stated below, the Court **DENIES** M-Partners' stay motion.

## I. LEGAL STANDARD

The Federal Arbitration Act allows a litigant to immediately appeal a district court order denying his request to compel arbitration or stay proceedings pending arbitration.[7] Generally, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[8]

However, the district court has discretion to conduct collateral proceedings that "do not threaten the orderly disposition of the interlocutory appeal."[9] In deciding whether to proceed with a case or stay it pending appeal, the Court weighs four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay."[10]

## II. DISCUSSION

There is no risk that continued proceedings in this Court will disrupt the orderly administration of M-Partners' appeal. In its Sixth Circuit statement of parties and issues,

---

[6] Doc. 121.
[7] 9 U.S.C. § 16(a)(1)(A) & (B).
[8] *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).
[9] *Sexton v. Cernuto*, Case No. 19-12574, 2021 WL 949541, at *3 (E.D. Mich. Mar. 12, 2021) (citing 16A Wright & Miller Fed. Prac. & Proc. Juris. § 3949.1 (5th ed. 2020)).
[10] *SawariMedia, LLC v. Whitmer*, 963 F.3d 595, 596 (6th Cir. 2020).

Case No. 1:20-cv-2873
Gwin, J.

Defendant M-Partners limited its appeal to whether this Court erred by applying Maryland law, in line with M-Partners' own Support and Services Agreement choice of law provision.[11]

Even if M-Partners prevails on appeal and the Support and Services Agreement arbitration clause is enforced, the arbitration clause's language is not broad enough to cover claims against the non-M-Partners Defendants.

The Support and Services Agreement covered the "starting-up and subsequent operations of [Plaintiff]," and allowed Plaintiff to use M-Partners' credit, tangible assets, and intellectual property to get its business up and running.[12] The agreement's arbitration clause provided that Plaintiff and M-Partners would arbitrate "[a]ny dispute arising out of or relating to the [a]greement."[13]

Despite this broad language, the Support and Services agreement acknowledges that Plaintiff and Defendants' overall business relationship would go far beyond the M-Partners' agreement. Indeed, the agreement acknowledges "potential conflicts of interest" between the agreement and "the employment offer to Mike Hamilton by" Plaintiff.[14]

It is this subsequent employer-employee relationship between Plaintiff and Hamilton that gives rise to this case. Defendants' answer acknowledges that Plaintiff and Hamilton executed a separate employment agreement naming Hamilton Plaintiff's CEO.[15] That employment agreement contains no mention of the Support and Services Agreement between Plaintiff and M-Partners.[16]

---

[11] Sixth Circuit Case No. 21-3496, Dkt. 7 (June 1, 2021).
[12] Doc. 28-1 at 1.
[13] *Id.* at 3.
[14] *Id.*
[15] Doc. 109 at 61–62.
[16] Doc. 109-2.

-3-

Case No. 1:20-cv-2873
Gwin, J.

On the contrary, Hamilton's employment agreement provides that it is "the complete agreement and understanding among the Parties and supersedes and preempts any prior understandings, agreements or representations by or among the Parties, written or oral, which may have related to the subject matter hereof in any way."[17]

While M-Partners was involved in the case background, M-Partners does not explain how the Support and Services Agreement arbitration clause could cover alleged misconduct Hamilton and the other Defendants committed while they were employed by Plaintiff under separate agreements.

Further, the Support and Services Agreement offers no indication that it was intended to serve as an umbrella agreement covering the parties' entire business relationship, including dealings with non-signatories.  Nor is there any reason to think the Support and Services Agreement arbitration clause was intended to supersede employment contracts and other employment relationships between Plaintiff and Defendants that did not include arbitration provisions.

M-Partners' general allusion to the federal policy favoring arbitration does not change the outcome.  "Arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration."[18]

"[N]o matter how strong federal policy favors arbitration . . . one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration."[19]  The

---

[17] *Id.* at 4.
[18] *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010).
[19] *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005).

-4-

Case No. 1:20-cv-2873
Gwin, J.

"[federal] policy favoring arbitration is not furthered when two parties have not agreed to arbitrate their claims or when the claims of the underlying dispute are not within the purview of the arbitration agreement."[20]

Rather, Courts must focus on the true "purpose of the exercise: to give effect to the intent of the parties."[21] Here, considering all the circumstances of the parties' agreements, the Court finds no evidence that the M-Partners Support and Services Agreement was intended to govern all subsequent agreements between Plaintiff and the non-M-Partners Defendants.

Accordingly, the only claims arguably at issue in the pending interlocutory appeal are the claims against M-Partners. Continuing proceedings regarding the claims against the other Defendants do not threaten the orderly administration of the pending interlocutory appeal.[22]

As to these remaining M-Partners claims, the Court also declines to enter a stay pending appeal. First, M-Partners' appellate argument that the Support and Services Agreement's choice of Maryland law should not be enforced is frivolous. M-Partners is a Maryland corporation. Maryland accordingly has more than the minimum contacts with the case required to uphold a Maryland choice of law provision.

Second, the discretionary stay factors weigh heavily against granting the stay. As explained above, the Court believes that M-Partners' appeal is frivolous. M-Partners, moreover, is unlikely to be harmed by continued proceedings, as it has voluntarily continued to litigate in this Court, including by filing a motion to dismiss and counterclaims of its own.

---

[20] *Grant v. Houser*, 799 F. Supp. 2d 673 (E.D. La. 2011).
[21] *Russel v. Citigroup, Inc.*, 748 F.3d 677, 681–82 (6th Cir. 2014).
[22] *Sexton*, 2021 WL 949541, at *3.

Case No. 1:20-cv-2873
Gwin, J.

Allowing M-Partners to proceed on its counterclaims while Plaintiff's claims against M-Partners are stayed would harm Plaintiff. And it would also allow M-Partners to delay these proceedings by disregarding a contractual choice of law provision M-Partners included in the Support and Services Agreement along with arbitration and fee-shifting provisions unconscionably lopsided in M-Partner's favor. Such conduct cuts against the public interest.

The Court accordingly declines to stay these proceedings pending appeal.

### III.    CONCLUSION

For these reasons, the Court **DENIES** M-Partners' stay motion.

IT IS SO ORDERED.

Dated:  August 5, 2021                    *s/     James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE